## BARNETT v. HINES.
### No. 7238.

United States Court of Appeals for the District of Columbia.

Decided April 17, 1939.

Rehearing Denied May 18, 1939.

R. H. McNeill and Ashby Williams, both of Washington, D. C., for appellant.

James T. Brady, Solicitor, and John M. George, Attorney, Veterans' Administration, David A. Pine, U. S. Attorney, and H. L. Underwood, Asst. U. S. Attorney, for appellee.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a decree dismissing the appellant's bill of complaint upon the ground that the District Court had no jurisdiction to hear and determine the case set forth in the bill. The bill sought a mandatory injunction commanding the appellee, Administrator of Veterans' Affairs of the United States: To vacate a ruling that the appellant was not entitled to continue to receive the retirement pay of an emergency officer of the United States Army; to grant a review, without consideration of a certain regulation, of the appellant's claim for retirement pay; to allow to the appellant such pay.

In view of the disposition of the case made by the trial court we treat the allegations of fact in the bill as admitted. The pertinent statutes and the case stated in the bill are as follows:

The Emergency Officers' Retirement Act of May 24, 1928, commonly referred to as the Tyson-Fitzgerald Act, 45 Stat. 735, 38 U.S.C.A. § 581, provided that:

" . . . all persons who have served as officers of the Army . . . of the United States during the World War, other than as officers of the Regular Army . . . who during such service have incurred physical disability in line of duty, and who have been, or may hereafter, with-

in one year, be rated in accordance with law at not less than 30 per centum permanent disability by the United States Veterans' Bureau for disability resulting directly from such war service . . . shall receive from date of receipt of their application retired pay . . . ."

On September 11, 1928, the appellant was granted retirement with pay under this Act. On March 20, 1933, Congress passed "An Act to Maintain the Credit of the United States Government," commonly referred to as the Economy Act, 48 Stat. 8. Section 17 of that Act repealed all public laws granting retirement pay to veterans of the World War, and further provided that:

"The Administrator of Veterans' Affairs under the general direction of the President shall immediately cause to be reviewed all allowed claims under the above referred to laws and where a person is found entitled under this Act, authorize payment or allowance of benefits in accordance with the provisions of this Act . . . ."

Section 10 of the Economy Act provided that:

". . . any person who served as an officer of the Army . . . during the World War, other than as an officer of the Regular Army . . . who made valid application for retirement under the provisions of . . . [the Tyson-Fitzgerald Act] and who prior to the passage of this [Economy] Act has been granted retirement with pay, shall be entitled to continue to receive retirement pay at the monthly rate now being paid him if the disability for which he has been retired resulted from disease or injury or aggravation of a pre-existing disease or injury incurred in line of duty during such service: . . . Provided, That the disease or injury . . . directly resulted from the performance of military . . . duty, and that such person otherwise meets the requirements of the regulations which may be issued under the provisions of this Act."

Section 5 of the Economy Act provided that:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of this title, or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

On March 31, 1933, the President, purporting to act under the authority of Section 10 of the Economy Act, in Executive Order 6093, 38 U.S.C.A. end c. 12, promulgated Veterans' Regulation No. 5, which was in terms identical with Section 10 except that the proviso above quoted was put as follows:

". . . Provided further, That the disease or injury . . . directly resulted from the performance of military . . . duty *and that the causative factor therefor is shown to have arisen out of the performance of duty during such service.*" [Italics supplied]

That is to say, the italicized words were added.

On April 14, 1933, the appellee, purporting to act under Section 17 of the Economy Act, caused the appellant's award of retirement under the Tyson-Fitzgerald Act to be reviewed, and, upon the sole ground that "the disability for which he was retired with pay is not shown to have been caused by a factor arising directly out of the performance of actual military . . . duty during the World War," ruled that the appellant was not entitled to continue to receive retirement pay. This language, it will be noted, was that of the regulation rather than of the statute. This ruling was affirmed by the Board of Veterans' Appeals.

The decree of dismissal entered by the trial court was apparently based upon Section 5 of the Economy Act. The appellant urges that the decision rendered by the Veterans' Administration was not, within the terms of Section 5, a decision "under the provisions of this title, or the regulations issued pursuant thereto," and therefore the court was not disabled to hear the case.

The appellant contends first that Congress intended that the review under Section 17 of the Economy Act should be ministerial merely—for the purpose of ascertaining the existence of facts already determined and adjudicated under the Tyson-Fitzgerald Act—and not a review or adjudication involving the exercise of any discretionary power to reach new conclusions or to render a new decision. We think this contention is not supportable. The Economy Act repealed the Tyson-Fitzgerald Act and thus made nugatory all that had been done thereunder. It appears clear that the intention of Congress under the Economy Act was to cause a considera-

tion *de novo* of applications for retirement acted on under the Tyson-Fitzgerald Act.

■ The appellant contends second that, if the review contemplated by Section 17 is not merely ministerial, then all of the requirements which a disabled emergency officer must meet in order to be entitled to retirement pay under the Economy Act are laid down in that Act, and that the review under Section 17 must be limited to determining whether such requirements have been met and cannot be extended to considering whether additional requirements have been fulfilled; and the appellant asserts that Regulation No. 5, and particularly that part which requires that the causative factor must be shown to have arisen out of the performance of duty, is an enlargement of the provisions of Section 10. We agree with the contention that the language of the Act itself is controlling; but we think that the language of the regulation simply states somewhat more explicitly, but without substantial difference, the requirement of Section 10 that the disability, disease or injury shall have directly resulted from the performance of military duty. Military duty is referred to in the regulation as a "causative factor"; in the Act itself the injury is required to be a "direct result" of the military duty. Both the Act and the regulation are in the language of causation.

■ The appellant contends third that the ruling denying retirement pay placed upon Regulation No. 5 an *interpretation* which goes beyond the meaning of Section 10 itself. In this aspect of the case the appellant alleged in his bill that:

". . . 'Veterans' Regulation No. 5', in so far as it imposes a requirement that the causative factor of plaintiff's disease or injury be shown to have arisen out of the performance of duty during his service, as said requirement is *interpreted and applied* by the Veterans' Administration, imposes upon plaintiff a requirement in addition to the requirements specified in the said Act . . . ." [Italics supplied]

And the appellant asserts that this allegation is one of fact which, under the disposition of the case made by the trial court, must be taken as admitted. But the question whether a given interpretation of a regulation goes beyond the statute on which it is based is a question of law and is therefore not admitted. We conclude further that the ruling was not an interpretation which enlarged the statute. As described in the complaint, the ruling of the Veterans' Administration upon the review under Section 17 was solely that "the disability for which he [the emergency officer] was retired with pay is not shown to have been caused by a factor arising directly out of the performance of actual military . . . duty."

■ Section 5 of the Economy Act is therefore determinative of the case. It makes final on all questions of either law or fact decisions rendered by the Administrator of Veterans' Affairs under the provisions of the Act or regulations issued pursuant thereto; and it denies to the courts jurisdiction to review such decisions by mandamus or otherwise. See Lynch v. United States, 1934, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434. In United States v. Mroch, 1937, 6 Cir., 88 F.2d 888, 890, it was said:

"The original and amendatory acts, however, preclude judicial review of the awards of the Veterans' Administration. While it was at one time thought that review might lie if an award were wholly unsupported by evidence, wholly dependent upon a question of law, or clearly arbitrary or capricious, Silberschein v. United States, 266 U. S. 221 [45 S.Ct. 69, 69 L.Ed. 256] . . . section 5, Tit. I of the Economy Act . . . seems to have removed the possibility of judicial relief even in such special circumstances. Lynch v. United States, 292 U.S. 571, 587 [54 S.Ct. 840, 78 L.Ed. 1434]."

In view of the fact that retirement pay is a gratuity which Congress may withdraw, the denial of judicial review by Section 5 is valid. Smith v. United States, 1936, 8 Cir., 83 F.2d 631; cf. Cummings v. Deutsche Bank, 1937, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545.

The appellant makes additional contentions, but they are based upon the theory that the regulation goes beyond the statute. Therefore we need not discuss them.

Affirmed.