KLEIN v. HINES, Adm'r of Veterans Affairs, et al.

No. 1858.

District Court, N. D. Illinois, E. D.

Jan. 23, 1941.

Hugh W. Housum, of Chicago, Ill., for plaintiff.

J. Albert Woll, of Chicago, Ill., for defendants.

HOLLY, District Judge.

■ I must hold that there has been no service of process on defendant Hines. His official residence is not in this District

and he could not be served here. Nesbitt Fruit Products v. Wallace, D.C., 17 F. Supp. 141, Transcontinental & Western Air, Inc., v. Farley, 2 Cir., 71 F.2d 288, Hill v. Wallace, 259 U.S. 44, 72, 42 S.Ct. 453, 66 L.Ed. 822. Further, no copy of the summons was delivered to him here or elsewhere. It appears from the return of the Marshal that a copy of the summons and complaint were left at the office of the District Attorney of the United States for the Northern District of Illinois for said defendant, but the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, require that in an action against an officer of the United States a copy of the summons and complaint be delivered to such officer. That was not done in this case.

Plaintiff urges that said defendant cannot now insist upon objection to the service because with his motion to dismiss for lack of service he has moved to dismiss because of lack of jurisdiction of the subject matter. Under the new rules, Rule 12(b): "No defense or objection is waived by being joined with one or more other * * * objections in a * * * motion."

Nor was it necessary that the motion be verified. The court takes judicial notice of the fact that the official residence of Hines is in Washington, D. C., and the return of the Marshal is in the record.

Further, I am of the opinion that the action of the Veterans Administration is not reviewable by the courts. Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434, Barnett v. Hines, 70 App.D.C. 217, 105 F.2d 96, Smith v. United States, 8 Cir., 83 F.2d 631.

The motion to dismiss must be sustained. An order accordingly will be entered January 27, 1941.