INTERNATIONAL UNION, UNITED AU-
TOMOBILE, AIRCRAFT AND AGRI-
CULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW–CIO) et al. v. BRAD-
LEY, Administrator Veterans' Administra-
tion.

Civil Action No. 972—47.

District Court of the United States for the
District of Columbia.

Jan. 20, 1948.

——◆——

N. L. Smokler, of Detroit, Mich., Martin Popper, of New York City, and Belford V. Lawson, Jr., of Washington, D. C., for plaintiffs.

George Morris Fay, U. S. Atty., and D. Vance Swann, Atty., Department of Justice, both of Washington, D. C. (Edward E. Odum, Sol., George P. Hughes, Associate Sol., and David A. Turner, Asst. Associate Sol., Veterans' Administration, all of Washington, D. C., of counsel), for defendant.

LETTS, Justice.

By their complaint plaintiffs seek judgment ordering the defendant, Administrator of Veterans' Affairs, to withdraw his decision, dated November 13, 1946, denying the claim of plaintiff, August J. Golas, to readjustment allowances under the provisions of Title V, Public Law 346, 78th Congress, approved June 22, 1944, 58 Stat. 295–301, as amended, 38 U.S.C.A. §§ 696–697g. The specific prayer of the complaint is (1) that the defendant be enjoined from (a) putting into effect his decision denying the claim of plaintiff Golas, and (b) putting into effect his regulation permitting the employer to be an interested party in cases involving a labor dispute and permitting said employer to appeal decisions in the administration of said act; (2) that the court order and direct the defendant to reinstate the decision of the Readjustment Allowance Agent for the State of Michigan (a Veterans' Administration employee), favorable to the claim of the aforesaid plaintiff Golas which said decision was reversed by the defendant; (3) that the court declare that the provisions of the aforesaid act, particularly Section 1500 thereof, 58 Stat. 300, 38 U.S.C.A. § 697, denying judicial review of the decision of the defendant relating to readjustment allowances, are unconstitutional and in violation of the Fifth Amendment to the Constitution of the United States.

It is clearly shown by the allegations of the complaint that the subject matter thereof relates exclusively to the decision of the defendant, denying the claim for readjustment allowances of the plaintiff Golas for a period subsequent to November 21, 1945. It is alleged in the complaint that the said plaintiff Golas filed a claim for readjustment allowances on November 23, 1945; that by a determination dated December 18, 1945 the State Agency determined that said claimant was disqualified from receiving allowances; that said plaintiff appealed to the Tribunal of the State Agency which affirmed the aforesaid determination; that said plaintiff appealed to the Readjustment Allowance Agent of the State of Michigan, who, on July 25, 1946, reversed the decision of the aforesaid Tribunal and held in favor of the claim of the said plaintiff for readjustment allowances; that on November 13, 1946, the defendant, the Administrator of Veterans' Affairs, rendered his decision in respect to the claim of said plaintiff, reversing the decision of the said Readjustment Allowance Agent and disqualifying the said plaintiff from receiving readjustment allowances on and after November 21, 1945.

The decision of the defendant of which the plaintiffs complain was to the effect that the stoppage of work which led to the unemployment of the plaintiff Golas on November 21, 1945, was a stoppage of work which existed because of a labor dispute at the establishment where the said plaintiff was employed. It was held in said decision that since the wages of the said

plaintiff would be affected by the outcome of the labor dispute he was directly interested in the dispute, and that because he was a production and maintenance worker of the employer he belonged to a grade or class of workers all of whom were directly interested in the labor dispute. This holding rendered inapplicable to the said plaintiff the escape clauses appearing in the proviso in subsection (b) of Section 800 of the Act and it was held that, by virtue of the specific provisions of said subsection, the said plaintiff was disqualified from receiving readjustment allowance benefits in connection with his unemployment which commenced November 21, 1945.

By his motion the defendant moves the court to dismiss the action for want of jurisdiction; to dismiss the action because the complaint fails to state a claim upon which relief can be granted; and to dismiss the action as to the plaintiff, International Union United Automobile, Aircraft and Agricultural Implement Workers of America (UAW—CIO), an unincorporated association, upon the ground that said plaintiff is not a necessary or proper party to this suit.

The benefits which the defendant denied to plaintiff Golas are governed by the provisions of Title V of the Servicemen's Readjustment Act. Section 700 of said act contains general provisions in respect to the eligibility and qualifications of persons who served in the active military or naval service of the United States after September 16, 1940 and prior to the termination of the war to receive readjustment allowances. Section 800 of the act pertains to the "disqualifications" of claimants which prevent them from receiving readjustment allowances. Subparagraph (b) of said § 800 under the provisions of which the defendant found the plaintiff Golas to be disqualified from receiving readjustment allowances during the period in question, provides as follows:

"Notwithstanding the provisions of section 700, a claimant shall also be disqualified from receiving an allowance for any week with respect to which it is found that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that—(1) he is not participating in or directly interested in the labor dispute which causes the stoppage of work; and (2) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage there were members employed at the premises at which the stoppage occurs, any of whom are participating in or directly interested in the dispute: * * *."

Section 1500 of the Act provides in pertinent part:

"Except as otherwise provided in this Act, the administrative, definitive, and penal provisions under Public, Numbered 2, Seventy-third Congress, as amended, and the provisions of Public, Numbered 262, Seventy-fourth Congress, as amended (38 U.S. C. 450, 451, 454a and 556a), shall be for application under this Act."

Among the provisions of Public Law 2, 73rd Congress, 38 U.S.C.A. § 701 et seq., specifically made applicable in respect to the administration of the Servicemen's Readjustment Act is Section 5 reading as follows:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of this title, or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

Section 11, Public 866, 76th Congress, approved October 17, 1940, 54 Stat. 1197, 38 U.S.C.A. § 11a—2, provides:

"Notwithstanding any other provisions of law, except as provided in section 19 of the World War Veterans' Act, 1924, as amended, and in section 817 of the National Service Life Insurance Act of 1940, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under this or any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

The above quoted statutes, as interpreted in numerous decisions make clear that the decisions of the Administrator of Veterans' Affairs in respect to claims for benefits under Veterans' laws, such as the claim involved in the decision complained of in this suit, are not subject to judicial review. Van Horne v. Hines, App.D.C., 122 F.2d 207, certiorari denied, 314 U.S. 689, 62 S. Ct. 360, 86 L.Ed. 552; Barnett v. Hines, App.D.C., 105 F.2d 96, certiorari denied, 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480; Snauffer v. Stimson, App.D.C., 155 F.2d 861, 862; Davis v. Woodring, App.D.C., 111 F.2d 523, 524; United States v. Mroch, 6 Cir., 88 F.2d 888, 890; Smith v. United States, 8 Cir., 83 F.2d 631, 639.

In Van Horne v. Hines, supra, in which the Administrator of Veterans' Affairs successfully contended that Section 11, Public Law 866, 76th Congress, denied jurisdiction to the courts to review the Administrator's decisions in respect to benefit payments under Veterans' Laws, the court said [122 F.2d 209]:

"We think the Administrator's position is correct. There can be no doubt that veterans' benefits are gratuities and establish no vested rights in the recipient. See Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530. And this being so, such benefits may be withdrawn at any time by act of Congress, and to make the withdrawal effective, Congress may in turn withdraw jurisdiction from the courts over decisions of the Administrator in relation thereto. * * *

"And this brings us to the single question, whether the act on its face shows that Congress meant to withdraw from the jurisdiction of the courts every final decision of the Administrator in relation to benefit payments in the nature of gratuities provided for under the act. We think this unmistakable intent is shown by the language of the act, and that the plain meaning of the words used brings us necessarily to this result, for the language is that the court shall not consider or review questions of law or fact 'concerning a claim for benefits or payments'. The words—concerning a claim for payments—can have no other

meaning than—having relation to—such payments, and whatever the language of the prayer of the present complaint, the obvious purpose of the suit is to require the Administrator to resume benefit payments to appellant which the Administrator has decided appellant has forfeited all right to. Undoubtedly, if we hold here as appellant asks, the judgment we should direct would require the Administrator to pay appellant the money benefits accruing since 1937 and those to accrue hereafter,—otherwise the action would be bootless,—and to do this we would have to review the Administrator's decision 'concerning a claim for * * * payments', and this the statute in plain words forbids."

So, too, in Snauffer v. Stinson, supra the court relied upon Section 11, Public Law 866, 76th Congress, as well as Section 5, Public Law 2, 73rd Congress, in support of the following statement [155 F.2d 862]: "Whatever may be the fact regarding Snauffer's term of actual service, insofar as the pension claim is concerned it is perfectly clear the District Court was without jurisdiction to issue an order directing its payment. We have often held that, Congress having denied judicial review of the decisions of the Administrator of Veterans' Affairs concerning claims for pensions, the courts have no power to grant relief."

Barnett v. Hines, supra, involved Section 5, Public Law 2, 73rd Congress, commonly called the Economy Act, in relation to a claim for retirement benefits administered by the Administrator of Veterans' Affairs. In respect thereto the court said [105 F.2d 99]:

"Section 5 of the Economy Act is therefore determinative of the case. It makes final on all questions of either law or fact decisions rendered by the Administrator of Veterans' Affairs under the provisions of the Act or regulations issued pursuant thereto; and it denies to the courts jurisdiction to review such decisions by mandamus or otherwise. See Lynch v. United States, 1934, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434. In United States v. Mroch, 1937, 6 Cir., 88 F.2d 888, 890, it was said:

"'The original and amendatory acts, however, preclude judicial review of the

awards of the Veterans' Administration. While it was at one time thought that review might lie if an award were wholly unsupported by evidence, wholly dependent upon a question of law, or clearly arbitrary or capricious, Silberschein v. United States, 266 U.S. 221 [45 S.Ct. 69, 69 L.Ed. 256] * * * section 5, Tit. I of the Economy Act * * * seems to have removed the possibility of judicial relief even in such special circumstances. Lynch v. United States, 292 U.S. 571, 587 [54 S.Ct. 840, 78 L.Ed. 1434].'

"In view of the fact that retirement pay is a gratuity which Congress may withdraw, the denial of judicial review by Section 5 is valid. Smith v. United States, 1936, 8 Cir., 83 F.2d 631; cf. Cummings v. Deutsche Bank, 1937, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545."

■ That a readjustment allowance under the provisions of Title V, Public Law 346, 78th Congress, is a gratuity is made clear by the provisions of the act itself and by the nature of the benefit therein granted. The specific provision appearing in Section 1500 of the act, which makes effective Section 5, Title I, Public Law 2, 73rd Congress renders further elaboration unnecessary because it clearly indicates the understanding of Congress that the benefit is a gratuity in respect to which the decisions of the Administrator of Veterans' Affiairs are specifically made final and conclusive and not subject to judicial review. It is clear, therefore, that the court is without jurisdiction of the cause of action set forth in the complaint and may not grant the relief therein sought.

■ Wholly apart from the statutory provisions which deny the court jurisdiction to review the decision of the defendant, the International Union is not a necessary or proper party to the cause. As to the claim asserted by the Union the United States has not consented to be sued; the Union may not sue in an indirect manner.

Since it is clear that the benefits sought by plaintiff Golas are essentially a gratuity, certain it is that Congress may provide in what manner and upon whom they will be bestowed.

■ In this view it seems of no consequence that plaintiff Golas lost his employment by reason of a stoppage of work resulting as plaintiffs say from the unilateral action of the employer; or that the employer violated the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.; or that the employer prolonged the stoppage of work in order to further his own ends; or that the employer caused the stoppage of work because of shortage of materials; or that the employer was dissatisfied with prices; or that the employer's tax situation was favored by the stoppage; or that the employer refused to abide by the Fact Finding Commission appointed by the President. Such allegations in the complaint do not change the essential character of the suit, or in any way overcome the conclusion that the benefits sought are in reality a gratuity.

■ The defendant was by statute vested with the power and charged with the duty of prescribing regulations. In a case such as this the recipient of a gratuity may not be heard to complain of the manner in which one by law charged with the administration of a public law comes into possession of facts necessary to a proper administration of law. It was reasonable and just that by regulation the employer of plaintiff Golas was permitted to bring the facts incident to the work stoppage fully to the attention of defendant.

■ Plaintiffs urge that the statutory provision denying to the courts the right to review decisions of the defendant are unconstitutional. In view of the authorities cited and the conclusion that the benefits sought by plaintiff Golas are necessarily a gratuity the constitutional question is not to be regarded as a substantial one.

Defendant's motion to dismiss will be sustained.

Counsel for defendant will present an appropriate order.