NIEVES RIVERA, ETC., Plaintiff and Appellee, v. BIENVENIDA CANCEL, Defendant and Appellant.

No. 9492.   Argued December 4, 1947.   Decided March 8, 1948.

340.

*Benjamín Ortiz* and *Alvaro Ortiz* for appellant. *Manuel Torres Reyes* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an injunction proceeding to recover possession of a narrow strip of land, instituted by Nieves Rivera, on behalf and as attorney in fact of Catalina Rivera, the defendant Bienvenida Cancel set up the defenses that the court lacked jurisdiction, as the Rules of Civil Procedure had not been complied with; that the complaint did not state facts sufficient to constitute a cause of action; and that the summons issued was null and void, because the defendant had not been cautioned that if she failed to answer the complaint the plaintiff could obtain judgment granting the relief sought. Said defenses were dismissed by the lower court and, after a trial on the merits, judgment was rendered against the defendants.

In the brief filed in support of her appeal, the defendant has assigned eight errors, in the first two of which it is urged that the lower court erred in overruling the objections above referred to.

██ The appellant is correct in maintaining that, although under the Act establishing proceedings to recover the possession of real property (Act No. 43 of March 13, 1913 (Laws of 1913, p. 84), as amended by Act No. 11 of November 14, 1917, vol. II, p. 220—§§ 690–697 of the Code of Civil Procedure, 1933 ed.), the trial court was empowered to speedily set a date for the hearing and to summon the appellant for a summary appearance, such a procedure is not now possible under the Rules of Civil Procedure, which were expressly made applicable to injunction proceedings of this kind.[1] Likewise she is correct in urging that the question of the insufficiency of a summons or of the service thereof is not waived by the joining of other motions to that in which the existence of such defects is raised. This is so because, although under the Code of Civil Procedure the person challenging a summons waives such an objection and submits to the jurisdiction of the court when in addition to his special

---

[1] See Rules 81 and 12(a).

342

appearance for such purpose he makes a general appearance for any other purpose,[2] under Rule 12 of the Rules of Civil Procedure: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." See also Moore's Federal Practice, vol. 1, 648, 649; *Klein* v. *Hines,* 1 F.R.D. 649; *Blank* v. *Bitker,* 135 Fed. (2d) 962, 966; *Keefe* v. *Derounian,* 6 F.R.D. 11. According to that principle, the fact that when challenging the summons the defendant filed another motion to dismiss the complaint for want of jurisdiction, based on the failure to comply with the Rules of Civil Procedure, and for insufficiency, was not tantamount to a waiver of the objection raised against the summons or to a submission to the jurisdiction of the lower court.

■ However, the summons issued has not been sent up to this Court. Indeed, we do not know what it contains or how it was served. The appellant, therefore, has not placed us in a position to decide adequately her first two assignments and on that ground alone they must be dismissed in so far as they relate to the want of jurisdiction of the District Court of Bayamón and to the nullity of the summons. *People* v. *Ríos,* 67 P.R.R. 325; *People* v. *Otero,* 67 P.R.R. 376; *Lafont* v. *Bird,* 57 P.R.R. 139, 143; *Acevedo* v. *Romero,* 54 P.R.R. 522; and *Méndez* v. *Piñero,* 43 P.R.R. 228.

■ On the other hand, the objection that the complaint does not state facts sufficient to constitute a cause of action should be overruled, since an examination of that pleading convinces us that it contains the proper allegations in an action of this kind.

■■ The 3rd, 4th, 5th, and 6th assignments are to the effect that the lower court erred (3) in sustaining the complaint; (4) in weighing the evidence; (5) in sustaining the complaint relying on conclusions regarding questions of law

---

[2] *Bas* v. *Municipal Court,* 50 P.R.R. 302 and *De Choudens* v. *Portilla,* 55 P.R.R. 104, 112.

which can not be considered or decided in an injunction proceeding to recover possession, and (6) in basing its opinion on the finding that one of the walls of the garage built by the defendant is constructed over an air vent used in connection with the water-closet system of the house of the plaintiff and over the house pipe line, and in deciding the case on the assumption that said wall, if raised higher, would come in contact with the gables of plaintiff's house. These assignments are jointly argued by the appellant and we will discuss them in a like manner.

We have repeatedly held that in proceedings of this kind only the fact of possession is considered but never the right to such possession or the ownership of the property involved. *Solís* v. *Esquilín,* 48 P.R.R. 587; *Pérez* v. *Marrero,* 47 P.R.R. 431; *Rivera* v. *Vargas,* 43 P.R.R. 144; *Vicente* v. *Ortiz,* 38 P.R.R. 95; *Pérez* v. *Pérez et al.,* 38 P.R.R. 676; *Vázquez* v. *Rivera,* 37 P.R.R. 748; *Oliver et al.,* v. *González et ux.,* 37 P.R.R. 869; *Solís* v. *Castro,* 36 P.R.R. 94; and *González* v. *Rivera,* 31 P.R.R. 291.

The lower court, which heard the testimony of the witnesses and which made an inspection of the premises at the request of the parties, resolved the conflict in the evidence. This is readily inferred from the following paragraphs of the opinion delivered by it:

"The court thinks that the evidence has fully established plaintiff's right in this matter. Both the oral and documentary evidence, and especially the inspection made by the court, have convinced the latter, beyond any doubt, that the plaintiff has been deprived of the possession and enjoyment of the strip of land in controversy.

"Plaintiff's house is an old structure. On the right-hand side, in the alley in controversy, there is an air vent pertaining to the water-closet system of her house. There are also water pipes which come out from plaintiff's house and are located in the alley in question. The defendant has erected on top of all this one of the walls of her garage. The left wall of the garage has been recently constructed over the said air vent. The wall in question, if raised

.higher, would come in contact with the gables of plaintiff's house. From an inspection of the premises, it clearly appears that the plaintiff necessarily has been, for a long time, in possession of the strip ·of land on which the defendant is constructing a garage.

"In brief, the court reaches the conclusion that the plaintiff has· ,been in the material possession of the strip of land, described in the complaint and involved in this proceeding, within the year preceding the filing of said complaint in this court.''

In our judgment, its findings are supported by the testimony of plaintiff's witnesses and by its own observations re- .sulting from the inspection made by it. *Lampón* v. *Línea Romero,* 60 P.R.R. 207 and *Fajardo Sugar Etc.* v. *Central Pasto Viejo, Inc.,* 41 P.R.R. 817.

The defendant also urges that the lower court has ·overemphasized its observations, derived from said inspection. Precisely, in order that the trial judge may form a more exact idea of the whole situation involved an inspection of the premises is made, and the fact that the court takes into consideration the observations made by it in the course of such a view, as the same appears from the written report thereof, is no error. *Caneja* v. *Rosales & Co.,* 19 P.R.R. 256, 258; *Estela* v. *Mario Mercado e Hijos,* 44 P.R.R. 542.

It is also contended by the defendant that, since the Rules of Civil Procedure are applicable to injunction proceedings to recover or retain possession, and since the summary character of this proceeding has disappeared, the lower court should have determined not only the fact of possession but also the ownership of the strip of land involved. The appellant is not correct. The Rules of Civil Procedure merely fix the procedure to be followed and have nothing to do with the substantive rights of the parties. The fact that the proceeding is no longer a summary one, does not alter in any way the rule that in proceedings of this kind the fact of possession is the only question decided.

The defendant finally contends that the lower court should not have adjudged her to pay attorney's fees. In

view of the findings made by the lower court upon the evidence, we would not be justified in reaching the conclusion that the defendant was not obstinate in defending the proceeding. Act No. 94 of May 11, 1937 (Laws of 1937, p. 238.)

The judgment appealed from should be affirmed.

