**SLOCUMB v. GRAY.**

Civ. A. No. 4707-48.

United States District Court
District of Columbia.

Jan. 27, 1949.

Robert E. McLaughlin, of Washington, D. C., for plaintiff.

George Morris Fay, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty., Edward E. Odom, Sol., George P. Hughes, Associate Sol., and David A. Turner, Asst. Associate Sol., Veterans' Administration, all of Washington, D. C., for defendants.

PINE, District Judge.

This action seeks a declaratory judgment and an injunction. Plaintiff is a veteran of World War II. Defendants are the Administrator of Veterans' Affairs and certain of his assistants. They have moved to dismiss, and this case is before me on their motion.

Plaintiff made application for flight training under an act of Congress approved June 22, 1944, as amended,[1] known as the Servicemen's Readjustment Act of 1944. His application came before the Veterans' Administration Office at Norfolk, Virginia, which was informed by plaintiff that he earned a substantial part of his livelihood as a licensed commercial photographer, that he had on several occasions made aerial photographs for hire, and that he wished to make a career of aerial commercial photography. After according him educational and vocational guidance, and upon consideration of all the evidence submitted, this office of the Veterans' Administration disapproved plaintiff's application, but advised him of his right to appeal to the Administrator of Veterans' Affairs if he believed that its decision was not in accordance with the law and the facts. The reason assigned for this disapproval was the failure by plaintiff to establish that the course of training applied for was in connection with his present or contemplated business or occupation or educational objective.

Plaintiff contends that this action of the Veterans' Administration and a certain regulation, referred to as Instruction No. 1,[2] under which it was taken, are without warrant of law, and that a declaratory judgment to that effect and an injunction should be granted. But before consideration may be given to the merits of his claim, the Court must have jurisdiction. Looking to the Act under which he filed his application, there appears a provision that the "administrative, definitive, and penal provisions under Public, Numbered 2, Seventy-third Congress, as amended * * * shall be for application under this Act."[3] Public 2 of the Seventy-Third Congress[4] contains a provision that, "All decisions rendered by the Administrator of Veterans' Affairs under the provisions of this title, or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision." In addition, the Act of Congress approved October 17, 1940,[5] provides that, with certain exceptions not material hereto, "the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under this or any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power

---

[1] 58 Stat. 284 et seq., 59 Stat. 623 et seq., 38 U.S.C.A. § 693 et seq.; 38 U.S.C.A. § 701(f).

[2] "1. Purpose. The purpose of the provision contained in Public Law 862, 80th Congress, is to prohibit the VA from expending any Government funds for courses which are determined by the Administrator to be avocational or recreational in character." (Paragraph 1 of Instruction No. 1)

"g. Elementary Flight, Private Pilot, and Commercial Pilot Flight Courses: An elementary flight or private pilot course or a commercial pilot course elected by a veteran in an approved school shall not be considered avocational or recreational in character if the veteran submits to the regional office (1) complete justification that such course is in connection with his present or contemplated business or occupation and (2) satisfactory evidence that he is physically qualified to obtain the type of license which will enable him to attain his employment objective." (Portion of Paragraph 4-g of Instruction No. 1)

[3] 58 Stat. 300, 38 U.S.C.A. § 697.

[4] 48 Stat. 9, 38 U.S.C.A. § 705.

[5] Sec. 11 of P.L. 866, 54 Stat. 1197, 38 U.S.C.A. § 11a–2.

or jurisdiction to review any such decisions."

◼ These provisions of law, the validity of which have been upheld by the Courts,[6] appear to be decisive of the questions raised on the motion, but plaintiff places reliance on Public Law 862 of the 80th Congress, being Supplemental Independent Offices Appropriation Act. 1949.[7] This Act provides, among other things, that no part of the appropriation contained therein for education and training under the Servicemen's Readjustment Act shall be expended for any course which is determined by the Administrator to be avocational or recreational in character, and that education or training for the purpose of teaching a veteran to fly or related aviation courses in connection with his present or contemplated business or occupation shall not be considered avocational or recreational. This statute simply placed a restriction upon the use of public funds. Although it did not expressly forbid court review, plaintiff's application for training was not made under its provisions, but was made, and of necessity had to be made and acted upon, under the provisions of the Servicemen's Readjustment Act, supra, which does forbid court review, as above set forth. The courts, therefore, are without jurisdiction to review the decision of the Veterans' Administration in plaintiff's case, and as a necessary corollary thereof are without jurisdiction to review the regulation (Instruction No. 1) complained of. All this is without regard to the general prohibition contained in the Act of October 17, 1940, supra, which, if prospective in operation, as it appears to be, would likewise place review of plaintiff's case beyond the reach of the courts.

◼ In addition, it is clear the plaintiff has not exhausted his administrative remedies, and that also would constitute a bar to his action.[8]

The motion to dismiss will be granted. Counsel will prepare and submit appropriate order.

[6] International Union, etc. v. Bradley, D.C., 75 F.Supp. 394; Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207, certiorari denied 314 U.S. 717, 62 S.Ct. 478, 86 L.Ed. 570; Barnett v. Hines, 70 App. D.C. 217, 105 F.2d 96, certiorari denied 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480; Snauffer v. Stimson, 81 U.S.App.D.C. 110, 155 F.2d 861; Davis v. Woodring, 72 App.D.C. 83, 111 F.2d 523.

[7] U.S.C. Cong. Serv. 1948, p. 884, 62 Stat. 1196.

[8] Natural Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 310, 58 S.Ct. 199, 82 L.Ed. 276; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638; Farley v. Abbetmeier, 72 App.D.C. 260, 114 F.2d 569, 577.