### UNITED STATES ex rel. FARMER v. THOMPSON et al.

#### No. 6578.

United States Court of Appeals Fourth Circuit.

Submitted April 7, 1953.

Decided May 1, 1953.

A. B. Farmer, pro se.

Edward E. Odom, Sol., Veterans Administration, and David A. Turner, Associate Sol., Veterans Administration, Washington, D. C., on the brief, amici curiae.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

### PER CURIAM.

This is an appeal from an order dismissing an action instituted in the United States District Court for the Northern District of West Virginia against the Administrator of Veterans Affairs at Pittsburgh, Pa., and the members of the Board of Veterans Appeals, who maintain their official residence and headquarters in the District of Columbia. Appellant sought to review denial of an increase of pension or disability compensation, asked on the ground that he was in need of the regular aid and attendance of another person, as provided for by Public Law 356, 82nd Congress, 66 Stat. 90, Servicemen's Readjustment Act of 1944, Veterans' Regulation No. 1(f), pt. 3, 38 U.S.C.A. following section 745. The action was properly dismissed. The court, by express statutory provision, was without jurisdiction to review the decision of the Administrator of Veterans Affairs. 38 U.S.C.A. § 705; Lynch v. United States, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434; Barnett v. Hines, 70 App.D.C. 217, 105 F.2d 96, certiorari denied 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 480; Van Horne v. Hines, 74 App. D.C. 214, 122 F.2d 207, certiorari denied 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552. Since the action could not be maintained in any jurisdiction, it is not necessary to consider the point that the defendants could be sued only in the district or districts of their residence. Cf. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Berlinsky v. Woods, 4 Cir., 178 F.2d 265, 267.

Affirmed.