833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
O.M. BAILEY, Jr., Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Milford Clayton, Medical Personal
at V.A., Defendants- Appellees.
 No. 87-2127.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Nov. 5, 1987.
 
 O.M. Bailey, Jr., appellant pro se.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Oakley M. Bailey, Jr., proceeding pro se, filed this action on June 4, 1987 pursuant to 42 U.S.C. Sec. 2000 against the Veterans Administration (VA) and medical personnel at the VA. Bailey sought damages allegedly resulting from improper medical treatment provided by the VA in November of 1984, and a temporary restraining order prohibiting reduction of Bailey's disability benefits. Bailey also sought an order requiring the VA to pay for past and future medical treatment at non-VA private facilities.
 
 
 2
 The district court dismissed Bailey's complaint without prejudice for failure to state a claim upon which relief can be granted. We affirm.
 
 
 3
 Bailey seeks review of the VA's determination of the disability benefits properly affordable to Bailey and an order prohibiting reduction of those benefits. Under 38 U.S.C. Sec. 211(a), the district court lacked jurisdiction over these claims. Wickline v. Brooks, 446 F.2d 1391 (4th Cir.1971), cert. denied, 404 U.S. 1061 (1972); United States ex rel. Farmer v. Thompson, 203 F.2d 947 (4th Cir.1953), cert. denied, 352 U.S. 973 (1957).
 
 
 4
 Section 4116(a) of Title 38 of the United States Code provides that suit under 28 U.S.C. Sec. 1346(b) against the United States (or settlement of a claim pursuant to 28 U.S.C. Sec. 2672 or 2677) is the exclusive remedy available for damages for personal injury resulting from improper medical care provided by the VA. Bailey failed to demonstrate exhaustion of administrative remedies as required by 28 U.S.C. Sec. 2675 in order to maintain an action under 28 U.S.C. Sec. 1346(b). Further, the VA, as an agency of the federal government, is not the equivalent of the United States under 28 U.S.C. Sec. 1346(b) and may not be sued in its own name. Allen v. Veterans Admin., 749 F.2d 1386 (9th Cir.1984); Evans v. United States Veterans Admin. Hospital, 391 F.2d 261, 262 (2d Cir.1968) (per curiam), cert. denied, 393 U.S. 1040 (1969); Miller v. United States, 458 F.Supp. 363, 364 n. 1 (D.P.R.1978). Therefore, the district court properly dismissed Bailey's medical malpractice claim.
 
 
 5
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.