512

**SIMMONS et al. v. CHARBONNIER.**
**Civil Action No. 245.**

District Court, S. D. Georgia,
Augusta Division.

Aug. 23, 1944.

Robert A. Persky, of Augusta, Ga., for plaintiffs.

Wilmer D. Lanier, of Augusta, Ga., for defendant.

LOVETT, District Judge.

This action is now before the court on defendant's motion for a summary judgment. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiffs are tenants, the defendant their landlord. The suit is to recover penalties for violating maximum prices (rentals) fixed pursuant to the Emergency Price Control Act of 1942. Evidence has been submitted by affidavits under the Rule, and counsel have been heard at length orally and by briefs.

The section of the Act relied on provides:

"If any person selling a commodity violates a * * * maximum price * * * the person who buys such commodity * * * may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price * * * plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity

\* \* \*" 56 Stat. 33, 50 U.S.C.A.Appendix, § 925(e).

Augusta, Ga., in Richmond county, was declared a defense-area housing district on April 18, 1942, and the rentals as of March 1, 1942, were taken as the ceiling rentals for the area, but the rent regulations were not to be effective in Augusta until October 1, 1942.

On October 27, 1942, the defendant-owner of the defense-area housing accommodations occupied by these plaintiff-tenants filed the required forms with the Richmond County, Georgia, Defense-area Rental Board certifying that the rental paid by each of the plaintiffs as of March 1, 1942, was $10 per month, defendant paying the water bills. In August, 1942, however, plaintiffs and defendant entered into a written agreement whereby plaintiffs were to pay all the monthly water bills in excess of $1 per tenant. Defendant collected this excess[1] from plaintiffs, or from some of them, from September 1942 to July 1943. That is the sole ground of complaint.

The maximum for which the plaintiff was to be liable was set at $1 because that was the average cost of the amount of water used by each tenant for the thirty-three month period preceding March 1942. The agreement of August 1942 between the tenants and their landlord was interpreted by the Area Rent Director on December 15, 1942. He wrote the landlord's representative "Water used in excess of the average and as applied by the landlord on March 1, 1942 could, under this ruling, be properly charged against the tenant." Thereafter, on July 23, 1943, the interpretation was modified.

■ The Emergency Price Control Act, Sec. 205(d), relieves one from liability for damages or penalties in any Federal court on any grounds "in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act or any regulation, order, price schedule, requirement, or agreement thereunder, or under any price schedule of the Administrator \* \* \* notwithstanding that subsequently such provision, \* \* \* may be modified, rescinded, or determined to be invalid."[2] There is no suggestion in the evidence that the defendant in making the slight overcharges complained of did not rely in good faith upon the written agreement with the plaintiffs and the apparent ratification or approval of it by the area Rent Director.[3]

■ At no time after July 23, 1943, when the Director's ruling was modified, are overcharges alleged to have been exacted. Therefore, the summary judgment is granted as against all plaintiffs except A. Dewey Simmons, whose claim will be considered further. All overcharges against the other plaintiffs appear to have been made in good faith and in reliance upon the ruling of the constituted authority.

On November 23, 1942, defendant petitioned the Augusta rent office for adjustment of the rent on the apartment rented by A. Dewey Simmons stating:

"Prior to March 1, 1942, the water bill of this property would amount to $1.00 or less per month, the landlord was furnishing the water, which was included in the rent. Since March 1, 1942 the water bill has increased to such an amount the landlord has been forced to ask tenants to pay water bill in excess of $1.00 per month. Landlord feels that the amount of water furnished ($1.00) is ample for ordinary needs, and that tenant is asking for more than is reasonable when he uses more than this amount of water".

This petition was not acted on until January 28, 1943, when it was denied. Up until that time defendant was entitled to rely upon his contract and the ruling of the area Rent Director of December 15, 1942. The motion for summary judgment is, therefore, granted against Simmons as to

---

[1] The excess rental alleged to have been collected for the entire period is $10.05, the monthly overcharges ranging from 4 cents to 63 cents per tenant. The seven plaintiff-tenants seek to recover, however, $3,175 penalties including attorney's fees.

[2] The Administrator has had notice of these proceedings as provided by the section of the Act quoted in part.

[3] Plaintiffs' counsel in his brief says "Of course plaintiffs do not intend to disclose proof (with) which they intend on the trial to show it was not the fault of the plaintiffs that there have been excessive water charges." If this statement is intended to challenge the defendant's good faith plaintiffs may not under Rule 56 of the Federal Rules of Civil Procedure ambush him in this way. The very purpose of the Rule is through frank and complete disclosure by all parties to enable the court to determine what, if any, issues of fact there may be for a jury to determine.

514

the causes of action alleged because of the overcharges made prior to January 28, 1943.

■ As to all overcharges against this plaintiff made subsequent to that date a good cause of action would arise. Two such overcharges are alleged: (1) An overcharge of twenty-three cents on March 4, 1943, and (2) an overcharge of twenty-seven cents on July 9, 1943. For these overcharges totalling fifty cents plaintiff Simmons seeks to recover $100 damages ($50 for each overcharge) plus attorney's fees and costs. The motion for summary judgment is granted against plaintiff on the causes of action arising from these two overcharges on the theory of "de minimis non curat lex". I do not feel that prosecution for these overcharges can be justified under the purposes of the Act, as set out in Section 1(a) of the Act: "to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other disruptive practices * * * to assure that defense appropriations are not dissipated by excess prices; to protect persons with * * * limited incomes * * * from undue impairment of their standard of living; to prevent hardships * * * to assist in securing adequate protection * * * to prevent a post emergency collapse of values * * *." 56 Stat. 23, 767, 50 U.S.C.A.Appendix, § 901 (a). If, however, prosecution were justified and damages were recoverable, the maximum damages recoverable by each plaintiff could not be more than $50, plus reasonable attorney's fees and costs, as that exceeds treble the amount of actual overcharges alleged. Cf. McCowen v. Dumont, D.C.W.D.Mo., 1944, 54 F.Supp. 749, where it was held that the "commodity" sold when living quarters are rented is the right to occupy a given habitation, and the actual "selling" is the original agreement whereby the right to occupy is given. I agree with the reasoning of Judge Otis. Damages may be collected for that occasion only. They may not be collected for each time an installment, or rent, is paid on the commodity sold. The court said, 54 F.Supp. at page 751:

"The language in the statute—'For the purposes of this section the * * * receipt of rent for defense-area housing accommodations shall be deemed the * * * selling of a commodity'—is not as clear as it might be. It does give some verbal support for plaintiff's theory. Our judgment is that what is meant is that this right to occupy housing accommodations is a 'commodity' * * * and that if rent is asked and received there is a 'selling' * * *. We do not believe that the language used means that every receipt of rent is a separate selling * * * of the same commodity."

The motion is sustained and the case as to all plaintiffs is dismissed.