## VITOZI v. BALBOA SHIPPING CO., Inc.
### Civil Action No. 2470.

District Court, D. Massachusetts.
Dec. 20, 1946.

According to the complaint and plaintiff's answers to interrogatories, plaintiff was performing his duties as a stevedore in a hatch of the S. S. Platano, which he alleged was owned and operated by defendant, while assisting in the loading of a cargo on December 7, 1940. He was pinned against the coaming of the hatch by some bags of flour being lowered into the hatch. The accident was allegedly caused by the defective condition and negligent operation of the winch which controlled the lowering of this cargo. Plaintiff also in his complaint alleged defendant failed to provide a seaworthy vessel and in an answer to an interrogatory stated the vessel was unseaworthy in that a defective winch was permitted to be operated by defendant's employees. Plaintiff did not allege he was an employee of defendant.

In affidavits submitted by the defendant in support of a motion for summary judgment, the following is set out:

On November 1, 1939, the defendant and the United Fruit Company (the charterer) entered into a demise charter party relating to the steamship Platano for a term of 10 years. However, it was terminated by agreement of the parties on January 5, 1941. During this period, an affidavit set forth the vessel was at all times in the complete control of the charterer and was operated by it in its own business. Outside of a formal allegation in his complaint that the defendant was in control of the ship, plaintiff made no showing of any sort that there was a genuine dispute as to any of the facts respecting the issue of control alleged in defendant's affidavits. Rule 56, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, permits the court "* * * to pierce the allegations of fact in the pleadings * * *." Moore's Federal Practice, Vol. 3, p. 3175.

Plaintiff was employed by the charterer which paid to him, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950, compensation totalling $1511.40 for the injuries constituting the gravamen of the present action, which total includes a lump sum final settlement of $750. However, the settlement was the result of a conference

Samuel B. Horovitz and Bertram A. Petkun, both of Boston, Mass., Jacob Rassner, of New York City, and Stephen S. Bean and Schneider, Reilly & Bean, all of Boston, Mass., for plaintiff.

E. L. Tevomey and Palmer, Dodge, Chase, Wilkins & Davis, all of Boston, Mass., for defendant.

FORD, District Judge.

This suit was brought to recover damages for injuries sustained by the plaintiff while working as a stevedore aboard the S. S. Platano, a vessel owned by the defendant shipping company.

with a claim examiner and no compensation order was filed by the deputy commissioner of the United States Employee's Compensation Commission.

The defendant moved for summary judgment on three grounds: (a) That the charter party is a bar to plaintiff's recovery from the defendant; (b) that by accepting compensation from his employer, plaintiff lost any cause of action he might have had against the defendant; and (c) that plaintiff's acceptance of such compensation operated, under Section 933(b) of the Longshoremen's and Harbor Workers' Compensation Act, as an assignment to his employer of all rights to recover damages against the defendant. In view of recent decisions clarifying the applicability of Section 933 (cf. Grasso v. Lorentzen, 2 Cir., 149 F.2d 127), defendant does not rely for purposes of the present motion on the second and third points. It relies entirely on the first.

We shall assume the language in the complaint is broad enough to encompass two theories of recovery: (a) That plaintiff's injuries were caused by the charterer's negligence; (b) that they were caused by the unseaworthy condition of the winch when the ship was chartered.

■ Under the terms of an agreement entitled "Demise Charter Party," defendant transferred to plaintiff's employer the possession, command, and navigation of the Platano. The charterer agreed to keep the vessel in good running order, insure it, and assume other responsibilities of ownership. It seems plain the contract was for the delivery of a vessel, not merely for its use. It constituted a demise charter party rather than an affreightment contract. Thorp v. Hammond, 12 Wall. 408, 416, 20 L.Ed 419; Reed v. United States, 11 Wall. 591, 601, 20 L.Ed. 220.

■ The effect of a demise charter party is to make the charterer the owner pro hac vice for the term of the agreement. United States v. Shea, 152 U.S. 178, 186, 14 S.Ct. 519, 38 L.Ed. 403. Where third parties are injured by the negligence of the owner pro hac vice, the ship is liable in rem and the charterer is liable in personam. The Barnstable, 181 U.S. 464, 468, 21 S.Ct. 684, 45 L.Ed. 954; Robinson on Admiralty

(1939) Section 86. But the general or actual owner is not liable in personam where a third party is injured by negligence of a demise charterer as no relation of master and servant exists. The Del Norte, 9 Cir. 119 Fed. 118, 119; Somes v. White, 65 Me. 542, 20 Am.Rep. 718; Callahan Munson S. S. Line, 141 App.Div. 791, 126 N.Y.S. 538; Robinson on Admiralty (1939) Section 86, pp. 612, 614. Thus plaintiff cannot recover against the defendant on any negligence theory.

■ With respect to the second ground, viz., that the defendant provided the charterer with an unseaworthy ship, the classic statement of the rule with respect to the rights of seamen in that event is found in The Osceola, 189 U.S. 158, at page 175, 23 S.Ct. 483, at page 487, 47 L.Ed. 760: "That the vessel and her owners are, both by English and American law, liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, * * *." It is also axiomatic that the owner's duty to furnish a seaworthy vessel is absolute and non-delegable. Seas Shipping Co., Inc., v. Sieracki, 66 S.Ct. 872; Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927; The Osceola, supra; The H. A. Scandrett, 2 Cir., 87 F.2d 708, 710; Globe S. S. Co. v. Moss, 6 Cir. 245 F. 54, 55. In support of its motion for summary judgment, defendant contends that these propositions, in the present situation, contemplate the owner pro hac vice rather than the general owner.

■ The plaintiff in the instant case was a longshoreman in the employ of the demise charterer and relies to support his second theory of recovery on the ground of unseaworthiness on the recent case of Seas Shipping Co., Inc., v. Sieracki, supra. Until that case there was doubt whether the ancient maritime right enunciated in The Osceola belonged to longshoremen working aboard a ship as well as seamen. The difficulty lay in the nature of the right, which was deemed to be contractual (cf. 46 U.S. C.A., Commentary on Maritime Workers, following § 687, pp. 211-212) and the fact that longshoremen are usually employed by independent contractors, not directly by the ship's owner. The Sieracki decision, how-

ever, established that the obligation of seaworthiness does extend to longshoremen who are performing the ship's service with the owner's consent and does not arise as an incident of a seaman's contract. However, there is nothing in the Sieracki case that intimates that the obligation of seaworthiness of a ship is imposed on anyone except the owner in control of the ship. This case is no authority that plaintiff can recover merely because the plaintiff in the instant case is a longshoreman.

In the present case, the United Fruit Company, the charterer, was the apparent owner of the Platano under the terms of the charter party attached to defendant's affidavit and it is the charterer, not the real owner—the defendant—that is liable in matters that involve personal liability. The relation of the actual owners to third persons who have to do with the ship is suspended during the life of the charter party. Apparently by the demise, the ship has received a new owner. The New York, D.C., 93 F. 495, 498.

Thus it appears on the facts of this case about which there is no genuine dispute that the plaintiff cannot recover in this action against the defendant, whatever other remedies he may have against his employer, the United Fruit Company.

The motion for summary judgment is allowed and a judgment of dismissal will be entered.