**CHANDLER LABORATORIES, Inc. v.**
**SMITH, Collector of**
**Internal Revenue.**

**Civ. A. No. 8023.**

United States District Court
E. D. Pennsylvania.

Feb. 9, 1950.

Edward Stone, Philadelphia, Pa., for plaintiff.

Andrew D. Sharpe, Philip R. Miller, Special Assistants to the Attorney General, and Thomas J. Curtin, Assistant United States Attorney, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a suit for a refund of taxes upon manufactured sugar in the sum of $58,253.86, assessed by the Commissioner of Internal Revenue under Section 3490 of the Internal Revenue Code, 26 U.S.C.A. § 3490, and paid by the taxpayer, a partnership, in the year 1945. The plaintiff is a Pennsylvania corporation which is successor in interest to the partnership. The Collector moves for a summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ In support of its motion, the Collector has filed the plaintiff's formal admissions made under Rule 36, the depositions of two of the taxpayer's partners, and various other documents, for the purpose of establishing (1) that the taxpayer was the manufacturer of the product taxed, and (2) that the product taxed was sugar. In opposition, the plaintiff has filed the deposition of a chemical engineer, Kreh; an affidavit of one of the taxpayer's partners, Decker (alleging that he believes the product to be syrup of cane juice, and stating further that plaintiff expects to have at the trial of the cause evidence, counter to that of the defendant, sufficient to warrant the submission of the issues in this case to a jury); and a copy of an opinion of Judge Porterie in the case of LeBlanc v. Chandler Laboratories, D.C., 89 F.Supp. 32. The Collector subsequently moved to strike the Decker affidavit and the copy of Judge Porterie's opinion, on the ground that neither document complies with the requirement of Rule 56(e). The motion is granted as to the Decker affidavit, but denied as to the copy of Judge Porterie's opinion since the Court may take judicial notice of the proceedings in other Federal courts.

It is clear from the admissions and the depositions of the taxpayer's copartners alone, that the plaintiff was the manufacturer of the product taxed. The evidence is specific and voluminous and leaves no issue of material fact. The main contention of the plaintiff (set forth in its brief) is that the product was manufactured by four independent mills under a contract arrangement with the taxpayer. The contracts (which were leases), the management contract with LeBlanc, the duties and powers of the fiscal agent Snyder, the duties of the shipping expediter Barrow, the ownership by taxpayer of both raw material and manufactured product, and much additional evidence similar in nature, when examined together, fail utterly to support the plaintiff's contention.

■ Even if manufacture by independent contractor were established, however (and there is nothing to indicate that it could be), the result would not be altered. "The Government may look at actualities and upon determination that the form employed for doing business or carrying out the challenged tax event is unreal or a sham may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute." Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 358, 84 L.Ed. 406. With respect to the purposes of the tax here in question, the position of counsel for the defendant is sound. Section 3490 of the Internal Revenue Code was first enacted as a part of the Sugar Act of 1937, c. 898, 50 Stat. 913, Sec. 402(a). The meaning of the term "manufacturer", therefore, must be under-

stood in accordance with the purposes of the Sugar Act. One of the purposes of the Act was to stabilize the conditions under which domestic sugar cane and beets were produced, by a system of benefit payments to the growers. The funds for these payments were to be provided by taxing the sugar manufacturers upon their finished products. See H.Rep.No.1179 and S.Rep.No.1157, 75th Cong., 1st Sess. It is, under Section 3490(a) of the Internal Revenue Code, the manufactured sugar rather than the act of manufacturing it which is taxed. See also Section 3507(b), which defines sugar as meaning any sugar derived from beets or cane which is not to be further refined or otherwise improved in quality, and Section 3492, which includes as a manufacturer any person who acquires sugar which is to be manufactured into manufactured sugar, but who instead sells or uses it in making other articles for sale without further refining it or improving it in quality. Thus, obviously, the intent of the Congress is that the manufactured product shall not be tax free. Moreover, under Section 3720, manufactured articles upon which taxes are imposed may be seized and forfeited prior to sale if the taxes are not paid. Consequently, it is obvious that Congress did not intend to levy the tax upon someone who merely furnishes plant facilities and physical labor, but who has no proprietary interest in either the raw material or the end product. The conclusion is proper if, in accordance with the intent of the Congress, the sugar is not to be tax free, that the owner of the raw material and the manufactured product may not avoid the tax merely by contracting with another to furnish the labor and plant facilities. The word "manufacturer", therefore, must here be taken to include one who causes his product to be transformed by the actual physical labor and equipment of others. See Carbon Steel Co. v. Lewellyn, 251 U.S. 501, 40 S.Ct. 15, 63 L.Ed. 1193; Allen v. Smith, 173 U.S. 389, 19 S.Ct. 446, 43 L.Ed. 741; Bedford Mills, Inc., v. United States, 59 F.2d 263, 75 Ct.Cl. 412; Reichelderfer v. Johnson, 63 App.D.C. 334, 72 F.2d 552. This conclusion is given added strength by the provisions of Section 3491 of the Internal Revenue Code, 26 U.S.C.A. § 3491, relating to the tax returns to be filed by the manufacturer: As between the owner of the sugar who procured its manufacture and the one who directly performed the manufacturing, the former and not the latter would be in a position to furnish the required information.

■ Finally, the taxpayer is now barred by the principles of equitable estoppel from denying that it manufactured the product taxed. In an action in this Court, by the United States Price Administrator, to enjoin the taxpayer from violating the sugar regulations under wartime rationing orders, Porter v. Barrett et al., D.C., 89 F.Supp 35, the taxpayer succeeded in establishing its contention that it was the manufacturer of the same product as is here involved (denying, however, that it was sugar). On the basis of this contention, one count of the complaint was dismissed, the Court reasoning that where the manufacturer and the industrial user were one and the same person, there could be no delivery of sugar to itself and consequently there was no necessity to surrender up ration coupons to itself. The taxpayer may not now change its position as against the United States. See Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578; Michels v. Olmstead, 157 U.S. 198, 15 S.Ct. 580, 39 L.Ed. 671; Sinclair Refining Co. v. Jenkins Petroleum Process Co., 1 Cir., 99 F.2d 9, certiorari denied 305 U.S. 659, 59 S.Ct. 362, 83 L.Ed. 427; Wood v. Franklin Life Ins. Co., 5 Cir., 17 F.2d 80; Chicago S. S. & S. B. R. R. v. Fleming, 7 Cir., 109 F.2d 419; Queenan v. Mays, 10 Cir., 90 F.2d 525, certiorari denied 302 U.S. 724, 58 S.Ct. 45, 82 L.Ed. 559.

■ With respect to the second issue raised by the plaintiff, the defendant has clearly established that the product upon which the tax was assessed was sugar. The depositions of individuals who actually made or supervised the manufacture of the product, the depositions of Government investigators who analyzed the product, the depositions of mill owners and others,

familiar with the manufacture of sugar, who examined the product, and indeed certain admissions of the plaintiff, preclude the existence of any genuine issue of material fact. The deposition of Kreh is insufficient to raise a doubt. The opinion of Judge Porterie, relied on by the plaintiff, when considered in its context, cannot be taken as factual authority in this case. But even if it could be, Judge Porterie did not hold that sugar was not manufactured during the course of the operations. Indeed, it is conceded in Kreh's deposition that, whatever the end product, sugar was made during the course of the operation. Section 3490 does not require that manufactured sugar be the end product in order to be taxable, and Section 3491 specifically provides for the payment of the tax if the manufacturer does not sell the sugar, but uses it in the production of other articles.

■ The plaintiff's essential effort, in opposing summary judgment, is devoted to the plea that it may not be "blasted out of court without a trial", and to the contention that it will be able, at a trial, to develop its case sufficiently for the jury's consideration. But this contention is not in accord with the basic function of a motion for summary judgment. Such a motion is intended "to permit 'a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried.' * * * If one may * * * reserve one's evidence when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not suggested in any part of its history or in any one of the applicable decisions." Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 472-473. The mere demand of a jury trial by the plaintiff, on the ground that it expects to be able to prove its general allegations and formal denials later, is insufficient to preclude a grant of summary judgment to the defendant. The burden rests upon the plaintiff to meet the defendant's evidence with a present showing of facts, in detail and with precision, sufficient to raise a genuine issue of material fact. The plaintiff here has not met that burden.

Accordingly, the defendant being entitled to judgment as a matter of law, an order will be entered granting defendant's motion for summary judgment.