248

CHANDLER LABORATORIES, Inc. v.
SMITH, Collector of Internal
Revenue.

No. 8023.

United States District Court
E. D. Pennsylvania.

Dec. 5, 1950.

Edward Stone, Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff moves to vacate summary judgment entered against it, D.C., 88 F.Supp. 583. The basis for the motion is newly discovered evidence, an alleged ruling by the Department of Agriculture to the effect that the product involved was not sugar, thereby working an estoppel preventing the Government from asserting that it is sugar for the purpose of Section 3490 of the Internal Revenue Code, 26 U.S.C.A. § 3490. The ruling, which is not set forth in any form, is claimed to have been made in the form of an informal oral opinion by a regional representative of the Agriculture Department to the effect that no parity payments would be made to the growers of the cane used by the plaintiff, on the ground that plaintiff did not manufacture sugar. The purpose of the sugar tax being to provide funds for such benefit payments, and no payments having been made here to the cane growers, plaintiff contends that it has been conclusively established that the tax does not apply to his product.

However, assuming that the oral opinion was given, a fact which the Government controverted at oral argument, it does not appear that parity payments were thereby withheld or that the informal oral opinion had any official effect or sanction whatever. It has been suggested that the growers did not apply for payments because they were told that sugar was not to be made. Further, the Act provides for qualifications to be met by the recipients of the payments, and if they did not meet these qualifications, payments would be withheld regardless of the nature of the product into which their cane was transformed. Indeed, the sugar tax is not conditioned upon the payment of benefits to any specific growers or upon the use of the particular tax moneys collected. The mere absence of the parity payments is not sufficient evidence of the official nature of the asserted informal oral opinion to raise a question of fact. And of course, in the present state of the record, it cannot be assumed that any opinion whatever issued. However, if the plaintiff can prove the existence of an official order to the effect that sugar was not made by it, consideration will be given to the motion to vacate.

The effect of the Louisiana judgment in Le Blanc v. Chandler Laboratories, D.C., 89 F.Supp. 32, that the end product manufactured was not sugar, was discussed in the opinion denying summary judgment herein, and is an inadequate basis for the motion. Accordingly, it will be denied.