Vern VAN RADEN and Evelyn Van
Raden, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 16153.

United States Court of Appeals
Eighth Circuit.

July 13, 1959.

Upton B. Kepford, Waterloo, Iowa
(John R. Cronin, Nashua, Iowa, Kennedy, Kepford, Kelsen & Balch, and
Frederick G. White, Waterloo, Iowa,
were on the brief), for appellants.

Hershel Shanks, Attorney, Dept. of
Justice, Washington, D. C. (George
Cochran Doub, Asst. Atty. Gen., Francis
E. Van Alstine, U. S. Atty., Sioux City,
Iowa, and Alan S. Rosenthal, Atty., Dept.
of Justice, Washington, D. C., were with
him on the brief), for appellee.

Before SANBORN, VAN OOSTER-
HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

Vern Van Raden, a corn producer, of
Floyd County, Iowa, and his wife, Evelyn
Van Raden, have appealed from a summary judgment in favor of the United
States in an action brought by it on
March 15, 1958, to recover upon two
promissory notes executed by them,
owned by the Commodity Credit Corporation, a Government agency, and evidencing loans made to them in 1956 pursuant to the Government Grain Price
Support Program. The notes were secured by chattel mortgages upon farm-
sealed yellow corn produced in 1955 and
1956. Jurisdiction was based upon Section 4(c) of the Commodity Credit Corporation Charter Act, 62 Stat. 1070, 15
U.S.C.A. § 714b(c).

The first of the notes was for $3,617.-
96. It was dated January 13, 1956. By
its terms, the defendants promised to pay
this amount "On or before July 31, 1956,
or upon such earlier date as Commodity
Credit Corporation may make written demand for payment." The maximum maturity date was later extended to July 31,
1957. The second note was dated December 28, 1956, and in it the defendants
promised to pay $2,542.54 "On or before
July 31, 1957, or upon such earlier date
as Commodity Credit Corporation may
make written demand for payment."

Both notes were in the form authorized by regulations of the Secretary of Agriculture,[1] and bore interest at 3½% before maturity and at 6% thereafter.

In its complaint the Government alleged that the notes were past due, and that the defendants had failed and refused, upon demand, to pay them either in cash or by delivery of the mortgaged corn. The Government demanded judgment for the amount due on each note, with interest.

In their answer the defendants admitted all of the allegations of the complaint, except that they had failed and refused to pay the notes or make delivery of the mortgaged corn. As an affirmative defense the defendants in their answer alleged:

"1. Under the provisions of the loan program these defendants elected to reseal the grain referred to at Counts I and II of the Complaint and on December 10th, 1957, were notified by the local Floyd County ASC [Agricultural Stabilization and Conservation] Committee that the papers for resealing were ready and to come to the local office and complete the same. Pursuant thereto, on December 12th, 1957, defendants called at the local office and offered to sign the instruments and were then and there informed that there was a shortage in the grain and refusal to allow defendants to complete the papers was then made. Immediately thereafter the cribs containing the grain were remeasured disclosing an excess of the security and which information was disclosed to the office manager for said local ASC Committee who has ever since refused to reseal the 1955 and 1956 corn belonging to defendants and pursuant to the regulations as contained in the Federal Register.

"2. That said corn is the security of plaintiff and pledged for delivery at the directions of the Commodity Credit Corporation.

"3. Defendants are not in default for failure to pay the notes or make delivery as they, at no time, elected to redeem the corn but requested the resealing thereof and extension of the loans under the provisions of the loan program."

The Government on August 22, 1958, filed its motion for summary judgment, asserting: (1) that the defendants had, in their answer, admitted the execution and delivery of the notes in suit, and that the notes had been called and that there was owing to the plaintiff the amounts alleged in the complaint; (2) that the affirmative defense of the defendants presented no legal excuse for nonpayment of the notes, since the refusal of the County Committee, whether right or wrong, to reseal the corn and extend the maturity dates of the notes could not affect the right of the Commodity Credit Corporation to demand that they be paid.

In a response filed on August 25, 1958, to the Government's motion for summary judgment, the defendants denied that they had in their answer admitted that their notes had been called. They asserted that their notes had automatically been extended; that, being qualified producers under the laws and regulations applicable to the Government loan program and "otherwise eligible as to the conditions of storage the Commodity Credit Corporation and the County Committee were without power to call the notes without being discriminatory." The defendants at the same time filed a motion for summary judgment in their favor, on the ground that, under the laws applicable to the farm loan program, they were entitled to have the corn covered by their chattel mortgages resealed, and that, under the applicable laws and regulations, the maturity date of their notes was automatically extended.

The Government on September 5, 1958, amended its motion for summary judgment by attaching an affidavit of the Office Manager of the Floyd County Agricultural Stabilization and Conservation

---

[1]. 20 F.R. 4105, § 421.1142; 21 F.R. 4040, § 421.1158; 21 F.R. 7178, § 421.1742.

Committee showing that demand had been made on the defendants and that they had neither paid nor satisfied the notes.

The defendants on September 15, 1958, filed an amendment to their motion for summary judgment, showing in detail the dealings the defendant Vern Van Raden had had with the County Committee in connection with his application for the resealing of the security for his loans, the denial of his application by the Committee, and the demand of the United States Department of Agriculture's counsel that the indebtedness be paid in full "by return mail."

On November 4, 1958, the District Court ruled that the notes in suit were demand notes which could be satisfied by payment or by delivery of the mortgaged commodity; that both notes had matured and had not been satisfied; that the reason the administrator of the Price Support Program had for refusing to reseal the corn in question was not material; that there was no genuine issue as to any material fact; and that the Government was entitled to judgment as a matter of law. Judgment was entered accordingly.

The defendants do not contend that the holder of a demand note may not, for any reason or no reason at all, demand payment. In their reply brief, they say:

" * * * Obviously, an individual holding such notes need justify to no one his decision to make demand for payment, even prior to due date, but we think an entirely different situation prevails where, as here, a small local group or committee acts for our government and the people of the United States as a whole. A private individual holding demand notes may in calling for payment act in an arbitrary, capricious or discriminatory manner as he wishes. He may call one man's note and extend that of his neighbor and offer no excuses or reasons to anyone. It hardly follows, however, that a governmental agency enjoys the same untrammelled freedom,

particularly in view of the provisions of the Administrative Procedure Act [5 U.S.C.A. § 1001 et seq.]. * * *"

They cite no statutes, regulations or decisions supporting their theory that the Government stands in a different position than an individual with respect to calling a promissory note payable on demand. The suggestion that in a suit upon such a note a defendant may invoke a collateral inquiry by a trial court into the motives or reasons for calling the note seems to us clearly untenable. If it be assumed that the application of the defendants for a resealing of the mortgaged corn in some way worked an extension of the maximum maturity date of the notes in suit, they were still payable on demand.

It is our opinion that the notes in suit were demand notes. Demand was made for their payment. They were not paid, extended, or satisfied. The summary judgment is affirmed.