**UNITED STATES of America,
Plaintiff,**

v.

**Robert W. DAUBENDIEK, Defendant.**

**Civ. No. 846.**

United States District Court
N. D. Iowa, E. D.

Oct. 2, 1959.

F. E. Van Alstine, U. S. Dist. Atty., Sioux City, Iowa, for plaintiff.

Robert W. Daubendiek, pro se.

GRAVEN, District Judge.

This is an action by the United States against the defendant, a veteran of World War II, to recover a sum alleged to have been erroneously paid to him as subsistence allowance while he was enrolled in an institutional on-farm training course.

The complaint alleges in substance that the defendant, between October 18, 1954, and February 1, 1955, received from the United States, through the Veterans Administration, the sum of $338 as subsistence allowance; that the defendant was not entitled to any subsistence allowance during said period (and that the same was paid erroneously and by mistake) because he did not devote his full time to on-the-farm training as required by Veterans Administration regulations, in that he was employed by the Census Bureau from October 18,

1954, to December 18, 1954, and while so employed he exceeded the maximum permissible hours in which he could perform off-the-farm labor; that the defendant's performance of excessive off-the-farm labor caused the Veterans Administration to terminate his training; and that the defendant appealed said decision of the Veterans Administration to the Board of Veterans' Appeals where it was affirmed. The United States prays for judgment against the defendant in the amount of $338 plus interest and costs.

The defendant in his answer declares that the allegations of the complaint are untrue, unfair, unjust and slanderous; that he has in his possession documents certifying that he was entitled to subsistence payments; and asks that the action be dismissed or, in the alternative, that he be granted a jury trial.

The United States moved for summary judgment on the ground that the pleadings show on their face that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law.

In 1951 the defendant's application for full time institutional on-farm training, under the provisions of Title II, Public Law 346, 78th Congress, 58 Stat. 287, as amended, was approved by the Veterans Administration and he commenced training and received a subsistence allowance from the Veterans Administration.

The defendant was prohibited by Veterans Administration Regulation 10109 (D) (1) from devoting to other employment more than 250 hours during any period of sixty consecutive days.

On January 21, 1955, the defendant reported to the Veterans Administration that he had worked 170 hours for the Census Bureau between October 18 and December 18, 1954. The Census Bureau records, however, showed that the defendant had worked 374 hours during that period.

On March 4, 1955, the defendant's subsistence allowance was discontinued retroactively so as to take effect on October 17, 1954, and his training was terminated as of February 1, 1955, by the Chief of the Benefits, Facilities and Training Section of the Des Moines Veterans Administration office. The reason for the discontinuance was that the defendant had performed off-the-farm labor in excess of the allowable hours.

On March 3, 1956, the defendant appealed the decision of the Des Moines Veterans Administration office to the Administrator of Veterans' Affairs in Washington, D. C., contending that he personally had worked only 170 hours and that the balance of the 374 hours of work indicated by the Census Bureau's records was performed by his wife and another. The Board of Veterans' Appeals, on behalf of the Administrator of Veterans' Affairs, affirmed the discontinuance of the defendant's subsistence allowance and training.

The defendant in writing and orally resisted the motion of the Government for summary judgment. In his resistance he set forth the same grounds as he set forth in his answer.

Properly authenticated records of Bureau of The Census (Exhibit B), covering the period in question, show that the defendant was employed as a crew leader in the Bureau of Census and carried on the payroll records of that Bureau as such. The payroll records show that as such employee he was employed for a total of 374 hours. Those records further show that the hourly rate for his employment was $1.64, or $13.12 per diem. A payroll was made up covering each two-week period of the defendant's employment. In each payroll there is set forth the number of hours worked by the defendant during the period covered. Each payroll record contained a certification by the Superior certifying, in part, as follows: "I certify that the employee worked the number of hours and days indicated * * *."

The defendant does not contend that he did not receive the subsistence pay-

ments which the Government seeks to recover. He does not contend that he did not receive the payment for 374 hours as shown by the Census Bureau Record. He contended and contends that he in fact only personally worked 170 hours for the Bureau of The Census and that the Board of Veterans' Appeals erroneously determined that he was not entitled to the subsistence payments in question.

The Government at the outset urges that the right of the defendant to the subsistence payments in question has been concluded by the decision of the Board of Veterans' Appeals and that such decision is not subject to judicial review. The Government cites in support of that contention 38 U.S.C.A. § 211(a) which provides as follows:

"(a) Except as provided in sections 784, 1661, 1761, and as to matters arising under chapter 37 of this title (none of which is applicable to this case), the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision." (Parenthetical matter supplied.)

This provision became effective on January 1, 1959. Section 2, Public Law 85–857, Sept. 2, 1958, 72 Stat. 1262. Provisions to the same general effect are to be found in Section 5 of the Act of March 20, 1933, 48 Stat. 9, 38 U.S.C.A. § 705 and Section 11 of the Act of Oct. 17, 1940, 54 Stat. 1197, 38 U.S.C.A. § 11a–2.

■ Veterans benefits such as pensions and compensation allowances are gratuities and establish no vested rights in the recipient. This being so, such benefits may be withdrawn at any time in the discretion of Congress. Lynch v. United States, 1934, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434; Van Horne v. Hines, 1941, 74 App.D.C. 214, 122 F.2d 207, 209; Smith v. United States, 8 Cir., 1936, 83 F.2d 631, 639. Also, Congress may withdraw from the courts jurisdiction over the Administrator with respect to such benefits. Strong v. United States, D.C.1957, 155 F.Supp. 468, appeal dismissed 1958, 356 U.S. 226, 78 S.Ct. 709, 2 L.Ed.2d 712; Slocumb v. Gray, 1949, 86 U.S.App.D.C. 5, 179 F.2d 31, 34; Van Horne v. Hines, supra, 122 F.2d at page 209; Barnett v. Hines, 1939, 70 App.D.C. 217, 105 F.2d 96, 99. By 38 U.S.C.A. § 11a–2 Congress intended to withdraw from the jurisdiction of the courts every final decision of the Administrator in relation to benefit payments in the nature of gratuities. Van Horne v. Hines, supra.

■ It is clear that the decisions of the Administrator of Veterans' Affairs concerning claims for gratuitous benefits brought by persons claiming entitlement thereto are not subject to judicial review. Hahn v. Gray, 1953, 92 U.S.App. D.C. 188, 203 F.2d 625; Van Horne v. Hines, supra; Strong v. United States, supra; Brewer v. United States, D.C. 1954, 117 F.Supp. 842; New York Technical Institute of Maryland v. Limburg, D.C.1949, 87 F.Supp. 308; United States v. Cathcard, D.C.1946, 70 F.Supp. 653; Slocumb v. Gray, supra, 179 F.2d at page 34.

However, the courts are divided on the question whether the decisions of the Administrator are subject to judicial review in actions brought by the Government for affirmative relief. Among the decisions which take the position that the Administrator's determination that the veteran received an unauthorized benefit is not judicially reviewable in an action against the veteran by the Government, and that the veteran cannot be heard to say that he is not indebted to the Government, are United States v. Crockett, D.C.1958, 158 F.Supp. 460; United States v. Perry, D.C.1956, 141 F.Supp. 443; United States v. Gudewicz, D.C.1942, 45 F.Supp. 787; In re Gregg,

Sur.1950, 198 Misc. 778, 100 N.Y.S.2d 752. Cf. United States v. Mroch, 6 Cir., 1937, 88 F.2d 888. Cases taking the contrary view include United States v. Gibson, 9 Cir., 1953, 207 F.2d 161, reversed on other grounds, 9 Cir., 1955, 225 F.2d 807; United States v. Lawrence, D.C.1957, 154 F.Supp. 454; United States v. Owens, D.C.1957, 147 F. Supp. 309. Cf. Hormel v. United States, D.C.1954, 123 F.Supp. 806. Neither the United States Supreme Court nor the United States Court of Appeals for this Circuit has passed upon the question.

In the instant case the Government contends that apart from the question of reviewability, it is nevertheless entitled to summary judgment. It contends that the record shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Under Rule 56(c) the court is authorized to summarily determine whether a bona fide issue of fact exists between the parties. If the court determines that such an issue is presented, the rule is inapplicable. On the other hand, if the pleadings or other proof of either party discloses that no real cause of action or defense exists, the court may determine that there is no issue to be tried by a jury and grant a summary judgment. Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 6 Cir., 1943, 137 F.2d 871, 877.

■ There is no general rule for determining whether a genuine issue of fact exists in a particular case; each case depends upon its own facts. Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., supra, 137 F.2d at page 877; Ramsouer v. Midland Valley R. Co., D.C. 1942, 44 F.Supp. 523, 527.

■ In many cases there is no genuine issue of fact although an issue is raised by the formal pleadings. William J. Kelly Co., Inc. v. Reconstruction Finance Corp., 1 Cir., 1949, 172 F.2d 865,

866. The purpose of Rule 56 is to dispose of cases in which there is no genuine issue of fact even though an issue may be formally raised by the pleadings. Koepke v. Fontecchio, 9 Cir., 1949, 177 F.2d 125, 127; Hooker v. New York Life Ins. Co., D.C.1946, 66 F.Supp. 313, 315. Rule 56 permits the court to pierce the formal allegations of fact in the pleadings, Christianson v. Gaines, 1949, 85 U.S.App.D.C. 15, 174 F.2d 534, 536; Schreffler v. Bowles, 10 Cir., 1946, 153 F.2d 1, 3; Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., supra, 137 F.2d at page 877; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, 472; Chandler Laboratories, Inc. v. Smith, D. C.1950, 88 F.Supp. 583, 586; Vitozi v. Balboa Shipping Co., Inc., D.C.1946, 69 F.Supp. 286, 287, in order to separate the formal from the substantial issues raised thereby, Sprague v. Vogt, 8 Cir., 1945, 150 F.2d 795, 800; Walling v. Fairmont Creamery Co., 8 Cir., 1943, 139 F.2d 318, 322, and to grant a summary judgment if it appears from the uncontroverted facts set forth in affidavits, depositions or admissions on file that there are no genuine issues for trial. Christianson v. Gaines, supra, 174 F.2d at page 536; Schreffler v. Bowles, supra, 153 F.2d at page 3; Engl v. Aetna Life Ins. Co., supra, 139 F.2d at page 472. See also Battista v. Horton, Myers & Raymond, 1942, 76 U.S.App.D.C. 1, 128 F.2d 29; Hooker v. New York Life Ins. Co., supra, reversed on other grounds, 7 Cir., 1947, 161 F.2d 852. The court examines evidence on the motion not to decide any issue of fact which may be presented, but to discover if any real issue exists. Sprague v. Vogt, supra, 150 F.2d at page 800; Walling v. Fairmont Creamery Co., supra, 139 F.2d at page 322; Ramsouer v. Midland Valley R. Co., D.C.1942, 44 F.Supp. 523, 526. See also Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1018. Perhaps a helpful illustration may be found in Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 465, at page 470, where the court declared:

"We agree that there are cases in which a trial would be farcical. If, in a suit on a promissory note, the defendant, pleading payment, sets forth in an affidavit his cancelled check to the order of the plaintiff for the full amount due on the note and a written receipt in full signed by the plaintiff, while plaintiff in a reply affidavit merely states that he did not receive payment and suggests no other proof, then to require a trial would be absurd; * * *."

The purpose of the summary judgment rule is to force parties to present their causes. Sanders v. Nehi Bottling Co., D.C.1939, 30 F.Supp. 332, 333. The rule contemplates a frank and complete disclosure by the parties to enable the court to determine what, if any, issues of fact there may be for a jury to determine. Simmons v. Charbonnier, D.C.1944, 56 F.Supp. 512, 513, footnote 3. The ruling is to be made on the record which the parties have actually presented, rather than upon what they might be able to produce at a trial. See Carr v. Goodyear Tire & Rubber Co., Inc., D.C.1945, 64 F.Supp. 40; Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co., 2 Cir., 1945, 147 F.2d 399; Radio City Music Hall Corp. v. United States, 2 Cir., 1943, 135 F.2d 715; Ortiz v. National Liberty Ins. Co. of America, D.C.1948, 75 F.Supp. 550. In Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, at page 473, the court stated:

"If one may * * * reserve one's evidence when faced with a motion for summary judgment there would be little opportunity 'to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not suggested in any part of its history or in any one of the applicable decisions."

See also Chandler Laboratories, Inc. v. Smith, D.C.1950, 88 F.Supp. 583, 586.

On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. Sprague v. Vogt, 8 Cir., 1945, 150 F.2d 795, 800; Walling v. Fairmont Creamery Co., 8 Cir., 1943, 139 F.2d 318, 322. See also Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1018. Trial judges should exercise great care in granting motions for summary judgment, for a party has a right to a trial where there is the slightest doubt as to the facts. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 465, 468; Doehler Metal Furniture Co., Inc. v. United States, 2 Cir., 1945, 149 F.2d 130, 135; Terminal Shares, Inc. v. Chicago, B. & Q. R. Co., D.C.1946, 65 F.Supp. 678, 683. But once the movant has made a showing, the burden rests on the opposite party to show that he has a plausible ground for the maintenance of the cause of action alleged in his complaint or, if a defendant, that he has a ground of defense fairly arguable and of a substantial character. Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 6 Cir., 1943, 137 F.2d 871, 877. The burden rests upon him to meet the moving party's evidence with a showing of facts, in detail and with precision, sufficient to raise a general issue of material fact. See Chandler Laboratories, Inc. v. Smith, D.C.1950, 88 F.Supp. 583. Mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the awarding of a summary judgment. Piantadosi v. Loew's, Inc., 9 Cir., 1943, 137 F.2d 534; Carr v. Goodyear Tire & Rubber Co., Inc., D.C.1945, 64 F.Supp.

40; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, 473; McClellan v. Montana-Dakota Utilities Co., D.C.1952, 104 F.Supp. 46, 56; Ortiz v. National Liberty Ins. Co. of America, D.C.1948, 75 F.Supp. 550, 551. "To say that a false denial, which defendants are unable to justify, must nevertheless put the plaintiff to his common-law proof before a jury, although the result would be a directed verdict in plaintiff's favor as a matter of law, is to exalt the shadow above the substance." Engl v. Aetna Life Ins. Co., supra, 139 F.2d at page 472–473, quoting from Hanna v. Mitchell, 202 App.Div. 504, 518, 196 N.Y.S. 43, 55. When a motion for summary judgment has been made and supported, the need to make a substantial showing as to the availablity of countervailing evidence is just as great as it is in the trial itself, because the purpose of the rule is to avoid useless trials to develop facts which are not really disputed. Hemler v. Union Producing Co., D.C.1941, 40 F. Supp. 824, 837. See Board of Public Instruction for County of Hernando, Fla. v. Meredith, 5 Cir., 1941, 119 F.2d 712. The party against whom summary judgment is sought must show that he has evidence of a substantial nature, as distinguished from legal conclusions, to dispute or contradict that of the moving party on the material factual issues. Hemler v. Union Producing Co., supra, 40 F.Supp. at page 834. See Walling v. Fairmont Creamery Co., 8 Cir., 1943, 139 F.2d 318. He must set forth facts which show he has a bona fide defense and that a triable issue exists. See Home Art, Inc. v. Glensder Textile Corp., D.C. 1948, 81 F.Supp. 551.

 A party is not entitled to a summary judgment merely because the evidence presented by him in support of his motion may be sufficient to entitle him to a judgment in his favor upon a trial of the action on its merits. Zig Zag Spring Co. v. Comfort Spring Corp., D.C.1950, 89 F.Supp. 410, 412. Conversely, that it may reasonably appear

that a party is unlikely to prevail upon a trial is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Sprague v. Vogt, 8 Cir., 1945, 150 F.2d 795, 801. However if, under the facts developed, the court at a trial would be entitled or required to direct a verdict for the moving party, a summary judgment should be entered. R. I. Recreation Center, Inc. v. Aetna Casualty & Surety Co., 1 Cir., 1949, 177 F.2d 603, 12 A.L.R. 2d 230; Christianson v. Gaines, 1949, 85 U.S.App.D.C. 15, 174 F.2d 534, 536; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 470; Albert Dickinson Co. v. Mellos Peanut Co. of Illinois, Inc., D.C. 1949, 81 F.Supp. 626, 628; Ramsouer v. Midland Valley R. Co., D.C.1942, 44 F. Supp. 523, 527; Miller v. Hoffman, D.C. 1940, 1 F.R.D. 290, 292. See also Van Raden v. United States, 8 Cir., 1959, 268 F.2d 732.

 In the instant case the pleadings of the defendant and his resistance to the motion, except in one instance, consist solely of denials, the sole exception being his allegation that he did not personally work the 374 hours shown on payroll records of the Bureau of The Census and for which he personally received payment. His contention apparently is that he can negative the effect of that record by a showing that some other persons had performed the employment for which he received payment in his status as an employee. The defendant cites no rule, statute, or regulation that permits an employee of a Government agency to do what he claims he did in the instant case, and the Court knows of no rule, statute, or regulation permitting him to so do.

In view of the record in this case, if the case were permitted to go to trial, a verdict would have to be directed in favor of the Government.

It is the holding of the Court that there exists no genuine issue as to any material fact and that the Government is

entitled to judgment as a matter of law. Because of this holding, the Court does not rule upon the question of reviewability.

It is hereby ordered that the motion of the plaintiff for summary judgment be and the same is hereby granted.