660

ÁNGEL AMADO CORTÉS PIÑEIRO, ETC. ET AL., Plaintiffs and Appellants, *v.* HEIRS OF AMELIO CORTÉS MENDIALDÚA ET AL., Defendants and Appellees.

No. 12449. Decided October 6, 1961.

*Arturo Ortiz Toro* and *Manuel Abréu Castillo* for appellants. *Luis E. Dubón* and *A. Torres Braschi* for appellee Josefa Rojas Reyes. *Joaquín Lago Padín* for appellee Mercedes Cortés Saavedra.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

In this action summary judgment was rendered against the plaintiffs. The only error assigned by the appellants is the court's action in granting said judgment. It is proper to make here a detailed exposition of the facts. The plaintiffs, mother and son, filed in the Arecibo Part of the Superior Court a complaint stating four causes of action which, if

supported, as they maintain, would establish their right to acknowledge the mother as the widow of Amelio Cortés Mendialdúa, who was the husband and father of the defendants and who died about one year prior to the filing of the complaint, and the other plaintiff as son, and, therefore, with the right to share in the estate of Cortés Mendialdúa. In support of their contention, the plaintiffs allege that a judgment of divorce rendered in 1909 in an action brought by the plaintiff herein, María Jesús Piñeiro Salvat, against Cortés Mendialdúa, was void, as well as the judgment rendered in 1932 in an action challenging the registration of plaintiff Ángel Amado as the legitimate child of the said Cortés Mendialdúa. Let us review the facts. Amelio Cortés Mendialdúa and María Jesús Piñeiro Salvat were married on October 24, 1904. The marriage was dissolved by judgment of February 8, 1910. The wife brought the action and alleged that immediately after their marriage her husband abandoned her, refusing absolutely to live in her company, and that during the marriage they did not beget any children nor acquired property. Plaintiff Ángel Amado Cortés was born on December 17, 1909, and was registered in the Registry of Vital Statistics of Arecibo as the legitimate child of Cortés Mendialdúa and María Jesús Piñeiro.

On January 13, 1932, Cortés Mendialdúa filed a complaint in the District Court of Arecibo (now Superior Court), challenging the paternity attributed to him of Ángel Amado and urging the cancellation of the record in the Civil Register of Arecibo referred to above. In this action judgment was rendered on April 27, 1932, after holding a hearing at which documentary and oral evidence was offered. Despite the fact that the defendants answered the complaint through their attorney, they did not appear at the trial. The attorney was served with notice of the judgment rendered against the defendants, and the corresponding note was made

in the civil register cancelling the registration of Ángel Amado as the legitimate child of Cortés Mendialdúa.

The plaintiffs in the present action further allege in their complaint that if their claim to render null and void the judgments rendered in the divorce suit and in the challenge of paternity of Ángel Amado as the legitimate child of Cortés Mendialdúa should not prosper, that the child should nonetheless be adjudged acknowledged natural child, since during many years the plaintiff enjoyed the continuous status of acknowledged natural child of Cortés Mendialdúa, who treated him as such and provided him during many years with support, clothing, education, medicines, and gave him the care and protection of a son. As already stated, the defendants filed in the trial court a Motion for Summary Judgment pursuant to the provisions of Rule 56, accompanying their motion by the following documents, among others: certified copy of the complaint of divorce filed on September 18, 1909 in the former District Court of Arecibo by María Jesús Piñeiro Salvat against Amelio Cortés Mendialdúa, as well as of the judgment rendered in that case; certified copy of the complaint challenging the legitimacy, filed on January 13, 1932 by Amelio Cortés Mendialdúa against María Jesús Piñeiro Salvat and her son Ángel Amado, and of the answer to the said complaint of challenge, as well as a copy of the judgment rendered in that case on April 27, 1932; certified copy of the record of the Civil Register of Arecibo relative to the registration of Ángel Amado as the legitimate child of Amelio Cortés Mendialdúa and María Jesús. On May 12, 1932, the dispositive part of the judgment rendered by the former District Court of Arecibo in the case challenging the paternity was entered on the margin of the birth record.

The plaintiffs did not file any opposition to the Motion for Summary Judgment. In its "Findings of Fact and

Conclusions of Law" the trial court stated the following with respect to the attitude assumed by the plaintiffs:

"Notice of this Motion for Summary Judgment made by the defendants was served on the plaintiffs on May 15, 1957. On May 29, 1957, the plaintiffs requested an extension of 45 days to file opposition to the Motion for Summary Judgment.

"The plaintiffs having failed to file any allegation or opposition to the said Motion for Summary Judgment, this court entered an order on September 27, 1957, setting the hearing of the said Motion for Summary Judgment for October 21, 1957, at 9:00 a.m. On October 17, 1957, the plaintiffs filed a motion for continuance of the said hearing and the court set the same for October 28 at 9:00 a.m.

"On that day only the defendants appeared to support their Motion for Summary Judgment. The plaintiffs requested by telegram the continuance of the hearing, and the court denied the motion for continuance, considering as submitted the Motion for Summary Judgment, and granting to the plaintiffs and to the defendants ten days, counted from the notice of such order, to file simultaneous briefs.

"The defendants filed their brief, but the plaintiffs who, as has been said, did not formulate any allegation or opposition to the defendants' Motion for Summary Judgment, failed to do so."

On the basis of these facts, did the trial court err in rendering summary judgment?

■■■ The purpose of the summary judgment is to accelerate proceedings in suits where in fact there is no genuine issue of fact to be tried. It compels the parties to show that they have evidence to support their allegations. *Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388 (1949) ; *Sánchez* v. *De Choudens*, 76 P.R.R. 1 (1954) ; *Minnesota Mining & Mfg. Co.* v. *United States Rubber Co.*, 279 F.2d 409 (4th Cir. 1960). If the party moving for summary judgment produces evidence in support of his case, the other party is under the duty to show that he has evidence to support his. *Engl* v. *Aetna Life Ins.* Co., 139 F.2d 469 (2d Cir. 1943) ; *Minnesota Mining & Mfg. Co.* v. *United States Rubber Co.*, *supra;*

*United States* v. *Daubendiek*, 25 F.R.D. 50 (D.C.N.D. Iowa 1959) ; Bauman, *A Rationale of Summary Judgment*, 33 Ind. L. J. 467 (1958).

■ In the instant case it is alleged in the complaint that two judgments rendered in 1910 and 1932 were obtained through fraud. In moving for summary judgment, the defendants produced the allegations and judgments rendered in those cases. They therefore relied on the presumption of validity and correctness of the decisions of the courts. *Cf. Carrión* v. *Lawton*, 44 P.R.R. 448 (1933). On the basis of this evidence, the plaintiffs did nothing and relied on the allegation of fraud made in the complaint.

■ If it were held that a summary judgment does not lie merely because the complaint states facts constituting a cause of action, the purpose of the summary judgment would be defeated. *Sánchez* v. *De Choudens, supra;* 6 Moore, Federal Practice 2068, § 56.11 (2d ed.). Summary judgment would, in fact, be a new name for the old demurrer. Furthermore, it would be a useless repetition of the provisions contained in the rule which authorize summary judgment on the pleadings. 3 Barron & Holtzoff, Federal Practice and Procedure 142–43, § 1235. In considering the propriety of a summary judgment, the issues raised by the pleadings are not decisive, and the court should consider the affidavits submitted by either party as well as any other pertinent documents. *Engl* v. *Aetna Life Ins. Co., supra; United States* v. *Daubendiek, supra;* Barron and Holtzoff, *op cit.* § 1235 at 142. There is no question that the party moving for summary judgment has the burden of showing that there is no issue as to the facts and that he is entitled to judgment as a matter of law. However, when he has made a showing, the opposing party can not defeat the motion by remaining idle and relying on the facts stated in the allegations of his complaint. He must show that evidence is available which would justify his al-

legations.[1] If he has none, why go to trial? *Sánchez* v. *De Choudens, supra; Cedeño* v. *Dental Board,* 79 P.R.R. 518 (1956) ; *Municipality* v. *Super. Court; Torres, Int.,* 78 P.R.R. 777 (1955) ; *Engl* v. *Aetna Life Ins. Co., supra; Surkin* v. *Charteris,* 197 F.2d 77 (5th Cir. 1952) ; *Dale Hilton, Inc.* v. *Triangle Publications, Inc.,* 27 F.R.D. 468 (D.C.S.D. N. Y. 1961) ; *Cockrell* v. *A. L. Mechling Barge Lines, Inc.,* 192 F. Supp. 622 (D.C.S.D. Tex. 1961) ; *Curtis* v. *United States,* 168 F. Supp. 213 (Ct. Cl. 1958) ; *Matute* v. *Carson Long Institute,* 160 F. Supp. 827 (D.C.M.D. Penn. 1958) ; Barron & Holtzoff, *op. cit.* § 1235 at 149.

 Of course, with the limitation stated in *Sánchez* v. *De Choudens.* There we said:

"We agree, we repeat, with the opinion of the courts and text writers last mentioned to the effect that where summary judgment supported by affidavits or documents admissible in evidence is sought, and the opposite party does nothing and takes no action to defeat that motion, the latter should be granted provided the affidavits or other papers filed show that there is no issue whatever on any material fact. Any other interpretation would render the summary judgment procedure a dead letter. As stated by Judge Clark of the United States Court of Appeals for the Second Circuit in his article published in 36 Minn. L. Rev. 567, 577, 'The intention of the rule is that the person addressed must repel the attack by equally precise disclosure of the merits of the case.' "

See *Gaziambide* v. *Heirs of Ortiz, supra.*[2]

---

[1] This practice was incorporated in Rule 36.5 of the Rules of Civil Procedure of 1958 in providing: "... If a motion for summary judgment is supported in the manner provided in Rule 36, the opposing party may not rely solely on the assertions or denials made in the pleadings, but shall be bound to answer in such detail and specifically as the moving party would have done, stating those material facts which in his judgment he seeks to establish. Upon failure to answer under oath judgment shall be rendered against him."

[2] In the *Gaztambide* case the plaintiffs did not present affidavits, and we held that it was not necessary since the documents presented with the Motion for Summary Judgment did not destroy the essential allegation of the complaint.

Barron and Holtzoff give an example to show the mechanics of the proceeding in cases of summary judgment. In an action on promissory note the defendant in his answer denies the making of the note. The plaintiff makes a motion for summary judgment accompanying it by an affidavit of a person who swears that he saw the defendant sign the note. If the defendant does not object to a summary judgment and does not file an opposing affidavit, summary judgment should be rendered against the defendant. On the other hand, if the defendant files an affidavit to the effect that his purported signature is a forgery, an issue as to the facts is forthwith created and the case must go to trial. Barron and Holtzoff, *op. cit.* § 1231, at 97.

▆▆ Applying the foregoing to the facts of the instant case, it appears that the trial court was correct in granting the summary judgment sought by the defendants. The plaintiffs alleged that certain judgments were obtained through fraud. The defendants, as already said, filed certified copy of those judgments as well as of the allegations in their respective cases in which they were rendered. They therefore relied on the presumption of their correctness. In these cases the mere production of the judgment is sufficient. *Fletcher* v. *Evening Star Newspaper Co.,* 114 F.2d 582 (C.A.D.C. 1940) ; Barron and Holtzoff, *op. cit.* § 1237, at 168. The plaintiffs did nothing and relied on the allegation of fraud stated in their complaint. But they were under the duty to produce some evidence to show that they could justify that allegation. See *Cancel* v. *Martínez,* 74 P.R.R. 100 (1952).

Regarding the plaintiff's contention that he enjoyed the status of son which entitles him to be acknowledged as a natural child, there having remained untouched the judgment entered in the case challenging the paternity whereby it was established that Ángel Amado had not been begotten by Cortés Mendialdúa, it was obvious that the plaintiffs' claim

urging such a determination could not be granted. But the fact is that he did not offer either an affidavit in support of his claim that he had enjoyed the status of son of Cortés Mendialdúa to warrant his acknowledgment.

In view of these considerations, the action of the trial court in awarding summary judgment in the instant case was correct.

The judgment appealed from will be affirmed.